**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-194-RJC-DSC**

| | |
|---|---|
| **FREDERICK CHILDERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **RECEIVABLES PERFORMANCE** ) | |
| **MANAGEMENT, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff Frederick Childers's ("Plaintiff") Motion to Enforce Settlement, (Doc. No. 14), and Defendant Receivables Performance Management, LLC's ("Defendant") Motion for Enlargement of Time to Tender Settlement Check, (Doc. No. 18).

## I.  BACKGROUND

On November 18, 2011, Defendant sent Plaintiff an Offer of Judgment, offering to settle Plaintiff's Fair Debt Collection Practices Act case for $1,501 in statutory and actual damages, plus the costs of the action and reasonable attorney's fees allowable under 15 U.S.C. § 1692k(a) through and including 14th day following service of the offer. (Doc. No. 13-1). Section 1692k(a)(3) provides a successful plaintiff with costs and a reasonable attorney's fee as determined by the court. Plaintiff filed notice of his acceptance of Defendant's Offer of Judgment on November 30, 2011, in accordance with Federal Rule of Civil Procedure 68. (Doc. No. 13). Upon Plaintiff's filing of his notice, Rule 68 requires the Court to enter judgment. FED. R. CIV. P. 68(a).

On January 16, 2012, Plaintiff filed his Motion to Enforce Settlement. (Doc. No. 14).

Plaintiff asserts that the parties came to an agreement resolving the amount of costs and attorney's fees to be awarded to Plaintiff. (Doc. No. 14). Plaintiff points the Court to an email exchange between Plaintiff's counsel and Defendant's counsel. (Doc. No. 14-1).

The emails show Defendant's counsel offering to settle this case according to the terms of a release agreement attached to the email, but not attached to Plaintiff's motion. (Id. at 2-3). Plaintiff's counsel responded "Consider it an agreement in principle as to the $\_\_\_\_ inclusive figure. The release needs work (says American Honda at one point), and I'll send you my edits tomorrow." (Id. at 2). Plaintiff's motion redacted the settlement amount that his counsel included in the email. (Id.). Plaintiff's counsel then demanded that the Defendant submit a new release agreement without a notary provision or the reference to American Honda and with a mutual confidentiality provision. (Doc. No. 14-2 at 3). Defendant's counsel responded that he would remove Honda and the notary, but that his clients were then imposing additional requirements. (Id. at 2). These requirements were included in a release agreement attached to the email, but not attached to Plaintiff's motion. (Id.). Plaintiff's counsel avers that one of these additional requirements is that Defendant wishes to submit an IRS Form for Plaintiff's counsel in the amount of agreed costs and attorney's fees and another IRS Form for Plaintiff in the total amount of the settlement, including costs and attorney's fees. (Doc. No. 14-3 at 3). Plaintiff's counsel believes this is unnecessary under the tax code. (Id.; Doc. No. 19). Defendant argues that it cannot process payment to Plaintiff without also submitting the tax forms at issue. (Doc. No. 17).

II.   ANALYSIS

Federal Rule of Civil Procedure 68 provides that "[i]f, within 14 days after being served

[with an offer of judgment], the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." Plaintiff filed an unequivocal notice of his acceptance of Defendant's Offer of Judgment on November 30, 2011. (Doc. No. 13). Plaintiff's notice accepted each and every term of Defendant's offer and left the amount of attorney's fees and costs to the Court, just as the Defendant's reference to 15 U.S.C. § 1692k(a) had implied. (Id.). The Court then became obliged to enter judgment in accordance with Defendant's Offer of Judgment. (Doc. No. 13-1); FED. R. CIV. P. 68.

Plaintiff alleges that the parties came to another agreement two weeks later as to the amount of attorney's fees and costs. (Doc. No. 14). But Plaintiff's redactions and omissions from its Motion to Enforce Settlement have prevented it from proving any agreement for Defendant to pay a set amount of costs or attorney's fees. The record presently before the Court shows a continuing negotiation where Defendant made an offer (which is still unknown to the Court). (Doc. Nos. 14-1 at 2-3; 14-2 at 4-5). Plaintiff made a counteroffer. (Doc. No. 14-2 at 2-3). Defendant then made a counteroffer. (Doc. No. 14-2 at 2). Plaintiff then filed the instant motion complaining that Defendant had changed the terms. (Doc. No. 14). Plaintiff has not proved a binding settlement as to the amount of attorney's fees and costs to which Plaintiff is entitled.

Plaintiff's arguments regarding the appropriateness of Defendant's filing an IRS Form 1099 are misplaced. This Court lacks jurisdiction to render an advisory opinion as to the tax ramifications of the parties' settlement. See Massachusetts v. EPA, 549 U.S. 497, 517 (2007). Therefore, the Court expresses no opinion as to the proper tax documentation required. Plaintiff's Motion to Enforce Settlement, (Doc. No. 14), is **DENIED**.

Defendant only asks that its Motion for Enlargement of Time to Tender Settlement Check, (Doc. No. 18), be granted if the Court were to grant Plaintiff's Motion to Enforce Settlement, (Doc. No. 14). (Doc. No. 18 at 2). Because the Court **DENIES** Plaintiff's motion, Defendant's motion is moot.

### III.     CONCLUSION

Plaintiff validly accepted Defendant's Offer of Judgment. Plaintiff filed notice of its acceptance on November 30, 2011. (Doc. No. 13). In accordance with that acceptance, the Court directs the Clerk to enter judgment in Plaintiff's favor as set out in Docket Entry 13-1, pages 3-4. Plaintiff must file a motion for attorney's fees and costs within fourteen (14) days of the date judgment is entered. FED. R. CIV. P. 54(d).

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk is directed to enter judgment in Plaintiff's favor in accordance with Defendant's Offer of Judgment, see (Doc. No. 13-1 at 3-4);

2. Plaintiff's Motion to Enforce Settlement, (Doc. No. 14), is **DENIED**; and

3. Defendant's Motion for Enlargement of Time to Tender Settlement Check, (Doc. No. 18), is **DISMISSED as moot**.

Signed: February 29, 2012

Robert J. Conrad, Jr.
Chief United States District Judge