UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-194-RJC-DSC

| | |
|---|---|
| FREDERICK CHILDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RECEIVABLES PERFORMANCE ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff Frederick Childers's ("Plaintiff") Motion for Attorneys' Fees and Costs, (Doc. No. 23), the Magistrate Judge's Memorandum and Recommendations ("M&R"), recommending that this Court award Plaintiff $8,750 in attorneys' fees, and Defendant Receivables Performance Management, LLC's ("Defendant") Objection, (Doc. No. 29).

On November 18, 2011, Defendant made an offer of judgment, including attorneys' fees incurred through and including December 2, 2011. (Doc. No. 13-1). Plaintiff accepted this offer on November 30, 2011. (Doc. No. 13). Plaintiff initially requested $8,750 in attorneys' fees. (Doc. No. 23 at 16). But because this figure included work performed after December 2, 2011, Plaintiff revised his request to $7,110. (Doc. No. 26 at 15). Defendants opposed both figures on grounds that Plaintiff (1) used the wrong formula for calculating attorneys' fees; (2) failed to prove prevailing rates in this district; (3) requested fees for substantial work performed by non-admitted attorneys; and (4) failed to enumerate which of plaintiff's claims each of its hours billed was directed toward. (Doc. No. 25).

The Magistrate Judge recommended that this Court award $8,750 in attorneys' fees as

per Plaintiff's original request. (Doc. No. 28). Defendant objects to the award of any fees incurred after December 2, 2011 and requests that this Court "review all briefs relating to Plaintiff's motion for attorneys' fees." (Doc. No. 29).

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

Upon a de novo review of Plaintiff's motion, (Doc. Nos. 23; 26), and Defendant's opposition, (Doc. Nos. 25; 29), the Court finds that an attorneys' fee award of $7,110 is warranted. Therefore, the Clerk shall enter judgment in that amount against the Defendant.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Attorneys' Fees and Costs, (Doc. Nos. 23; 26), is

**GRANTED**; and

2. The Clerk is directed to enter judgment against Defendant in the amount of $7,110 in attorneys' fees.

Signed: May 24, 2012

Robert J. Conrad, Jr.
Chief United States District Judge